```
JOSHUA A. SOUTHWICK (246296)
C. JOSEPH OU (294090)
GIBSON ROBB & LINDH LLP
1255 Powell Street
Emeryville, California 94608
Telephone:   (415) 348-6000
Facsimile:    (415) 348-6001
Email: jsouthwick@gibsonrobb.com
       jou@gibsonrobb.com
```

Attorneys for Plaintiff
INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>APEX MARITIME CO., INC. dba APEX SHIPPING COMPANY, INC; and DOE ONE through DOE TEN<br><br><br>            Defendant. | Case No.  3:22-cv-182<br><br>**COMPLAINT FOR DAMAGE TO CARGO**<br><br>(Damages in the sum of $ 35,591.00) |

Plaintiff's complaint follows:

1.      Plaintiff INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, ("Plaintiff"), is now, and at all times herein material was, a corporation duly organized and existing by virtue of law and was the insurer of the hereinafter described cargo.

2.      Plaintiff is informed and believes that defendant APEX MARITIME CO., INC. dba APEX SHIPPING COMPANY, INC ("Defendant") are now, at all times material herein were, corporations duly organized and existing by virtue of law and engaged in the business as common carriers for hire and transportation intermediaries within the United States and this judicial district, with places of business in this district.

3. The true names of defendants named herein as DOE ONE through DOE TEN, each of whom is or may be responsible for the events and matters herein referred to, and each of whom caused or may have caused or contributed to the loss herein complained of, are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend its complaint to show the true names of said defendants when the same have been ascertained.

4. Plaintiff's complaint contains a cause of action for damage to cargo arising under a statute of the United States, namely the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 note, *et. seq.* (2006) ("COGSA") and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as more fully appears herein. Additionally, the Court has admiralty jurisdiction over these maritime contract claims pursuant to 28 U.S.C. § 1333. These are admiralty and maritime claims within the meaning of Rule 9(h), Federal Rules of Civil Procedure, as hereinafter more fully appears.

5. On or about December 26, 2020 at Xiamen, China, Defendant and DOE ONE through TEN ("Defendants") received a shipment of 829 cartons of outdoor recreation gear in container number MSKU9222370 (the "Cargo") for carriage under bill of lading A2012380443, and others, issued by and/or on behalf of Defendant, under contracts of carriage and in return for good valuable consideration. Defendants agreed to carry the Cargo from Xiamen, China to Los Angeles, California and there deliver the Cargo to the lawful owner of the Cargo in the same good order, condition, and quantity as when received.

6. The Cargo was placed aboard the vessel Maersk Essen for transport from a foreign Port to Los Angeles, California. During the ocean transit to Los Angeles and on or about January 16, 2021, the Cargo was lost overboard along with more than 700 other ocean containers of cargo.

7. Following the loss, the vessel diverted to Lazaro Cardenas, where repairs were made.

8. The vessel subsequently arrived at Los Angeles, California on or about March 4, and as of that date, Plaintiff is informed and believes that many cargo owners still did not know whether their cargo was damaged or lost overboard.

/ / /

9. Prior to Defendants' receipt of the Cargo and any loss thereto, Plaintiff issued its policies of insurance whereby Plaintiff agreed to indemnify the owner of the Cargo and its assigns against loss or damage to said shipments, and Plaintiff has heretofore become obligated to pay and has paid to the person entitled to payment under said policy of insurance on account of the loss of the Cargo, and thus has become contractually and/or equitably subrogated to their rights and claims, or has been assigned the rights to recovery for the Cargo.

**FIRST CAUSE OF ACTION**

**(Damage to Cargo - COGSA)**

10. Plaintiff refers to and incorporates herein by reference paragraphs 1-9 as though fully set forth herein.

11. Each defendant, including DOE ONE through TEN, under contracts of carriage, namely bill of lading A2012380443, and others, and in return for good and valuable consideration, agreed to carry the Cargo it received, from Xiamen, China to Los Angeles, California and there deliver said shipment in the same good order, condition, and quantity as when received to the lawful owner of the shipment.

12. Thereafter, in breach of and in violation of said agreements and their duties as a common carrier of goods by sea for hire, Defendants did not deliver the Cargo in the same good order, condition, and quantity. To the contrary, the container carrying the Cargo was lost overboard at sea. The total value of the Cargo lost overboard was $35,591.00.

13. By reason of Defendants' failure to deliver the shipment it received in the same good order and condition, Defendants have caused a loss to Plaintiff in the amount of no less than $35,591.00, no part of which has been paid by any defendant, despite demand therefor.

WHEREFORE, Plaintiff prays relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**

**(Breach of Contract)**

14. Plaintiff refers to and incorporates herein by reference paragraphs 1-9 as though fully set forth herein. This cause of action is plead in the alternative.

15. Each defendant, including DOE ONE through TEN, under contracts of carriage, namely bill of lading A2012380443, and others, and in return for good and valuable consideration, agreed to carry the Cargo it received, from Xiamen, China to Los Angeles, California and there deliver said shipment in the same good order, condition, and quantity as when received to the lawful owner of the shipment.

16. In breach of said contract, Defendants did not deliver the Cargo it received in the same good order, condition, and quantity as when received. To the contrary, the container carrying the Cargo was lost overboard at sea. The total value of the Cargo lost overboard was $35,591.00.

17. By reason of Defendants' failure to deliver the shipment it received in the same good order and condition, Defendants have caused a loss to Plaintiff in the amount of no less than $35,591.00, no part of which has been paid by any defendant, despite demand therefor.

WHEREFORE, Plaintiff prays relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

**(Bailment)**

18. Plaintiff refers to and incorporates herein by reference paragraphs 1-9 as though fully set forth herein. This cause of action is plead in the alternative.

19. In receiving and arranging for the shipments of the Cargo, either by themselves or through their agents, each defendant, including DOE ONE through TEN acted as bailees for hire, setting up a bailment agreement as a matter of law. In breach of said bailment agreement, each defendant failed to safely deliver the Cargo in the same good order and condition. To the contrary, the Cargo was never delivered.

20. By reason of Defendants' failure to deliver the shipment it received in the same good order and condition, Defendants have caused a loss to Plaintiff in the amount of no less than $35,591.00, no part of which has been paid by any defendant, despite demand therefor.

WHEREFORE, Plaintiff prays relief as hereinafter set forth.

/ / /

/ / /

/ / /

## FOURTH CAUSE OF ACTION

### (Damage to Cargo – Harter Act, 46 U.S.C. § 30704)

21. Plaintiff refers to and incorporates herein by reference paragraphs 1-9 as though fully set forth herein. This cause of action is pled in the alternative.

22. Each defendant, including DOE ONE through TEN, under contracts of carriage, namely bill of lading A2012380443, and others, and in return for good and valuable consideration, agreed to carry the Cargo it received, from Xiamen, China to Los Angeles, California and there deliver said shipment in the same good order, condition, and quantity as when received to the lawful owner of the shipment.

23. Thereafter, in breach of and in violation of said agreements and their duties as a common carrier of goods by sea for hire, Defendants did not deliver the Cargo in the same good order, condition, and quantity. To the contrary, the container carrying the Cargo was lost overboard at sea. The total value of the Cargo lost overboard was $35,591.00.

24. By reason of Defendants' failure to deliver the shipment it received in the same good order and condition, Defendants have caused a loss to Plaintiff in the amount of no less than $35,591.00, no part of which has been paid by any defendant, despite demand therefor.

WHEREFORE, Plaintiff INDEMNITY INSURANCE COMPANY OF NORTH AMERICA prays for relief as follows:

A. That this Court enter judgment in its favor and against each defendant for the amount of Plaintiff's damages;

B. That this Court decree payment by each defendant and to Plaintiff in the sum of the $35,591.00 or another amount to be proven a trial, together with contractual attorneys' fees, prejudgment interest thereon and costs of suit herein;

/ / /

/ / /

/ / /

/ / /

/ / /

1  C. That Plaintiff have such other and further relief as in law and justice it may be
2 entitled to receive.

3 Respectfully submitted,

4 Dated: January 11, 2022  GIBSON ROBB & LINDH LLP

/s/ C. JOSEPH OU
C. JOSEPH OU
jou@gibsonrobb.com
Attorneys for Plaintiff
INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA